```
 1              IN THE UNITED STATES BANKRUPTCY COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3
        In the Matter of:              ) No. 13 A 00554
 4                                     )
        LEMIRE SCHMEGLAR,              )
 5              Plaintiff,             )
                                       )
 6              vs.                    )
                                       )
 7      DLJ MORTGAGE CAPITAL, INC.,    )
        et al.,                        )
 8              Defendants.            )
        -------------------------------)
 9      LEMIRE SCHMEGLAR,              ) No. 12 B 42283
                                       ) February 25, 2014
10              Debtor.                ) 11:00 A.M.
                                       ) Chicago, Illinois
11

12
                     TRANSCRIPT OF PROCEEDINGS
13          BEFORE THE HONORABLE JACK B. SCHMETTERER

14
        APPEARANCES:
15
        MR. MICHAEL V. OHLMAN
16      on behalf of the debtor;

17      MS. NISHA B. PARIKH
        on behalf of US BANK NA.
18

19

20

21

22

23

24

25
```

1          THE CLERK:  Calling the 11:00 o'clock set matter,

2    Lemire Schmeglar, 12-42283.

3          MS. PARIKH:  Good morning, your Honor.  Nisha

4    Parikh on behalf of Jonathan Nusgard, who is here

5    representing US Bank -- actually, he's not here because

6    he has the stomach flu.  Michael Ohlman, with

7    Mr. Schmeglar.

8          THE COURT:  Good day, folks.  Well, we've a lot

9    of things on the table.

10         MS. PARIKH:  Your Honor, actually before we

11   begin, I was requesting a continuance because

12   Mr. Nusgart is not here and he asked that I continue

13   all the matters to the next available date for yourself

14   and the debtor's counsel.

15         THE COURT:  Okay.  Would you mind if I try to

16   make a little progress in this case by talking to

17   debtor's counsel.

18         MS. PARIKH:  Absolutely, your Honor.

19         THE COURT:  Are you a lawyer that takes notes

20   about what is going on in court?

21         MS. PARIKH:  Yes, your Honor.

22         THE COURT:  I congratulate you.  Not many lawyers

23   do that anymore.

24         MS. PARIKH:  I do, your Honor.

25         THE COURT:  So many lawyers go back to their

1    office and they don't have a clue as to what happened.

2         MS. PARIKH:  I always take notes.

3         THE COURT:  You're not one of those.

4              Now, Counsel, you've got this pending

5    adversary before me.  I understand that you filed

6    another adversary.

7         MR. OHLMAN:  I did, your Honor.

8         THE COURT:  In the form of an interpleader

9    release, as my clerk reports.

10        MR. OHLMAN:  That is correct.

11        THE COURT:  Why should this old adversary stand?

12        MR. OHLMAN:  Your Honor, that adversary was filed

13   on Sunday.  If I could have a little bit of time in

14   order to query that, I would appreciate it.

15        THE COURT:  Well, can you think of any reason why

16   you should have two adversaries pending?

17        MR. OHLMAN:  Your Honor, I would appreciate it if

18   I did not have to answer that question because I have

19   not had an opportunity to think about it.

20        THE COURT:  Well, I can think of a lot of reasons

21   why you shouldn't have two adversaries pending.

22             The first one is this particular adversary

23   is not an interpleader.

24        MR. OHLMAN:  I understand.

25        THE COURT:  That is a very important reason why

1    it shouldn't be standing.

2           You have a motion for an order directing the

3    Clerk of the Court to hold funds.  It is a meaningless

4    motion.  It does not offer any funds into court and it

5    is not an interpleader.

6      MR. OHLMAN:  Your Honor, we would withdraw that

7    motion and we'll bring an interpleader action.

8      THE COURT:  Well, that's one thing we can take

9    care of I guess.

10     MR. OHLMAN:  Yes, your Honor.

11     THE COURT:  Withdrawn.

12     MR. OHLMAN:  That was my intention.

13     THE COURT:  All right.  Now in the original -- in

14   your adversary --

15          First of all, what is the date of the

16   interpleader return date on the summons?  April

17   something?

18     MR. OHLMAN:  I believe it is April the 8th?  The

19   7th?  I'm sorry.

20     THE LAW CLERK:  I have the 8th.

21     MR. OHLMAN:  The 8th.

22     THE COURT:  April what?

23     MR. OHLMAN:  The 8th.  Thank you.

24     THE COURT:  Probably at 10:30.

25          Okay, and there is an interpleader.  And who

1    is the plaintiff?  The debtor I suppose.

2         MR. OHLMAN:  Correct.

3         THE COURT:  And who is the defendant?  Oh, a

4    bunch of defendants?

5         MR. OHLMAN:  Correct.

6         THE COURT:  Okay, April 8th at 10:30.

7    Put this with --

8         THE CLERK:  Sure.

9         THE COURT:  Now, this motion -- this is an

10   amended complaint suing a bunch of parties.  Did you

11   sue in this case the party who you claim to be a party

12   entitled to -- that proceeded on the mortgage?

13        MR. OHLMAN:  That's correct.

14        THE COURT:  Who is that?

15        MR. OHLMAN:  You said --

16        THE COURT:  This case pending, the old case.

17        MR. OHLMAN:  The old we have not.  We --

18        THE COURT:  Why should I allow the old case to

19   stand if you have not sued the party you claim to have

20   the interest in the mortgage?  Isn't that party --

21   regardless of what form any litigation might take,

22   isn't that party a necessary party?

23        MR. OHLMAN:  No, not in the adversary.

24        THE COURT:  Why not?

25        MR. OHLMAN:  Not in the original --

1      THE COURT:  Not in the old adversary?

2      MR. OHLMAN:  Not our old adversary.

3      THE COURT:  Why not?

4      MR. OHLMAN:  Because we were not seeking an

5   interpleader.  What we're seeking is a motion to --

6   maybe it's not a motion.  It's an adversary --

7      THE COURT:  To say that none of you guys have an

8   interest in the mortgage.

9      MR. OHLMAN:  That's correct.

10     THE COURT:  It seems to me obvious that the party

11  who does have the interest in the mortgage is the

12  necessary party.  And for that reason on the Court's

13  motion sua sponte, this old adversary is dismissed.

14     MR. OHLMAN:  Your Honor, if I may.  We were

15  challenging the validity --

16     THE COURT:  The adversary -- this adversary

17  proceeding is dismissed without prejudice for lack of

18  mortgage owner, mortgagee -- for lack of asserted

19  mortgagee as necessary party.  Dismissed without

20  prejudice.

21     MR. OHLMAN:  Your Honor, I would ask for rather

22  than dismissing it, give us an opportunity to replead

23  and set it for a date --

24     THE COURT:  Why should we have two adversaries

25  pending?

1        MR. OHLMAN:  Well, because --

2        THE COURT:  What is there about an interpleader

3   that would not take care of any concerns you have about

4   who you should pay the money to?

5        MR. OHLMAN:  It does not necessarily -- what it

6   will do is it will allow the Court to determine who the

7   property holder is, however it will not -- unless your

8   Honor is going to invalidate other liens in the --

9        THE COURT:  Sir -- sir, if we -- if I go forward

10  with the interpleader, that would be a vehicle for

11  deciding who is entitled to payment and who is not

12  entitled to payment and they would all be in the same

13  lawsuit.  So we're going to dispose of this lawsuit

14  today without prejudice.

15           And it seems to me that your discovery

16  effort in this case which I am dismissing, I should

17  deny it without prejudice so that you can proceed with

18  any discovery if it is appropriate in the interpleader

19  case.  So this motion of yours to compel is --

20       MR. OHLMAN:  Mooted.

21       THE COURT:  -- denied without prejudice as mooted

22  by dismissal of this adversary proceeding.  That will

23  be the order on that one.

24           I have a motion for summary judgment in this

25  case, right?

1          MR. OHLMAN:  It's mooted.

2          THE COURT:  Now, also -- well...

3          MR. OHLMAN:  Well, your Honor, I mean they

4    admitted that they were not a party.

5          THE COURT:  Pardon me?  What?

6          MR. OHLMAN:  They've admitted that they are not

7    the party who holds a lien.  So this is kind of one of

8    the problems.  They filed an answer to the adversary in

9    the first matter.

10         THE COURT:  Denied without prejudice and mooted

11   by the dismissal of this adversary proceeding.

12              Now we have the bank's -- US Bank's motion

13   for modification of stay pending and we have an

14   adversary for an interpleader pending, right?

15         MR. OHLMAN:  (Nodding.)

16         MS. PARIKH:  And, your Honor, I --

17         THE COURT:  And you're going to take good notes

18   of anything the judge might say.

19         MS. PARIKH:  Yes, your Honor.  I am already

20   taking good notes.

21         THE COURT:  The following is the status of the

22   record on the motion to modify stay.  I took testimony

23   from the debtor.  He admits that as of the last

24   session, he was four or five months behind on the

25   mortgage.

1          There has been a judgment of foreclosure in

2     the state court.  That's point two.

3          Point three.  The moving creditor possesses

4     the original note.

5          Point four.  The real estate taxes are due

6     on March 3rd.

7     MR. OHLMAN:  I don't know where you're getting

8     that information from.  None of this came out.

9     THE COURT:  Pardon me, Counsel.  I take judicial

10    notice of when Cook County collects taxes.  I'm just

11    telling you I take judicial notice of the fact that

12    Cook County taxes are due on March 3rd.  Do you have an

13    objection to that for some reason?

14    MR. OHLMAN:  Well, your Honor, the implication is

15    that the debtor is not paying his property taxes.

16    THE COURT:  It isn't March 3rd yet.

17    MR. OHLMAN:  Okay.

18    THE COURT:  I'm just stating the status of the

19    facts --

20    MR. OHLMAN:  Well, your Honor --

21    THE COURT:  -- that are not in controversy.

22    MR. OHLMAN:  There are -- there are facts in

23    controversy that you've already stated.

24    THE COURT:  Well, I don't know what they are yet,

25    but I'm just stating the facts that are not in

1    controversy.

2         MR. OHLMAN:  Well, I believe that the --

3         THE COURT:  I will tell you another fact that's

4    not in controversy, we confirmed the plan in this case.

5    I asked you at one point does the confirmation of the

6    plan have any relevance to anything involved in this

7    motion to modify the stay and you thought no.

8              That occasioned me to go back

9    and read the plan.  Now under the plan which was

10   confirmed, the Class 1 claim was US Bank NA for

11   purported mortgage on the debtor's homestead property,

12   which is disputed.  The debtor disputes that US Bank

13   has a valid mortgage and note and is seeking to

14   challenge the priority, extent and validity of the

15   lien.  The debtor will not be disbursing any dividends

16   or payments to the US Bank NA until the validity and

17   priority of the lien has been fully adjudicated.

18   That's what it says.

19        MR. OHLMAN:  Correct.

20        THE COURT:  Now why didn't you join -- did you

21   notice US Bank?  Did you schedule US Bank in this?

22        MR. OHLMAN:  Yes.

23        THE COURT:  Okay.  So they were on notice of the

24   proceeding?

25        MR. OHLMAN:  They had appeared in the proceedings

1    by the time that the plan had been filed.

2            THE COURT:  Did they object?

3            MR. OHLMAN:  No, they did not.

4            THE COURT:  Second, Class 2.  The Class 2 claim

5    is a claim of MB Financial secured by a mortgage lien

6    on the debtor's homestead property.

7                The same property, right?

8            MR. OHLMAN:  Correct.

9            THE COURT:  Quote, "MB Financial has agreed to

10   accept $10,000, a reduction of $120,000, as full and

11   final payment to satisfy the entirety of the debt.

12   Once the lump sum is paid on March 29, 2014, MB

13   Financial will release its second mortgage," unquote.

14               Then their Class 3 claims.  The class,

15   quote, "The Class 3 claim of GMAC Mortgage, LLC, as

16   servicer for Wells Fargo Bank NA, as trustee, under the

17   pooling and servicing agreement relating to Impact

18   Secured Assets Corp. mortgage pass-through

19   certificates, Series 205-1, thereafter Series 205-1,

20   shall have a secured claim of $270,000 on the debtor's

21   investment property at 2913 North Seeley," etc., etc.

22               Is that address different from the address

23   that this creditor is seeking to modify the stay in?

24           MR. OHLMAN:  Yes.

25           THE COURT:  A different property?

1          MR. OHLMAN:  Correct.

2          THE COURT:  Class 5 claims, The sole Class 5

3     claim is a claim of Unity Home Investment which is

4     secured by a third lien on debtor's homestead property

5     and a second on the debtor's investment property, etc.

6              Okay.  So the treatment of the mortgage that

7     this asserted creditor has made, a motion to modify the

8     stay, is Class 1 which you say is the claim of US Bank

9     NA.

10             Now, give me that motion for summary

11    judgment.

12                          (Discussion between clerk and

13                          the Court.)

14         THE COURT:  Now in the motion for summary

15    judgment, Counsel --

16             It's not there.  Oh, we've got --

17             Take that back.

18             Debtor has filed a sur-reply or asked leave

19    to file a sur-reply.  Okay, I'm going to allow debtor

20    leave to file a sur-reply.

21             Counsel, you received that, did you?  This

22    was filed Feb. 24.

23         MR. OHLMAN:  Yesterday.

24         THE COURT:  Counsel?

25         MS. PARIKH:  I'm sorry, your Honor?

1          THE COURT:  You're not going to have to respond

2     to the sur-reply today.  I'm just going to let him file

3     it so we get it on file.

4          MS. PARIKH:  Okay.

5          THE COURT:  It's a motion to file a sur-reply, a

6     late sur-reply.

7               Okay, the debtor is given leave to file a

8     sur-reply on a motion of US Bank to modify the stay.

9     Set for status and then we'll pick a date.

10              Now in that motion you attached the letter.

11         MR. OHLMAN:  I do, your Honor.

12         THE COURT:  The letter.

13         MR. OHLMAN:  And the attachments to the letter.

14         THE COURT:  What?

15         MR. OHLMAN:  And there are attachments to the

16    letter.

17         THE COURT:  And the gist is to say Wells Fargo is

18    a servicer.

19         MR. OHLMAN:  Correct.

20         THE COURT:  And the letter purports to come from

21    US Bank, as trustee.

22         MR. OHLMAN:  Correct.

23         THE COURT:  US Bank says, you don't deal with us

24    because we're just the trustee, the servicer controls

25    the action.

1        MR. OHLMAN:  That's correct.

2        THE COURT:  Now the servicer did not file the

3    state court foreclosure proceeding.

4        MR. OHLMAN:  That's correct.

5        THE COURT:  Nor is the servicer before me now.

6    But somebody holding the mortgage, the note, is before

7    me now.

8        MS. PARIKH:  (Nodding).

9        THE COURT:  Okay.

10       MR. OHLMAN:  Your Honor, if I --

11       THE COURT:  The thing is the status of US Bank NA

12   that is entitled to get paid under the plan, they are a

13   party to the interpleading.

14       MR. OHLMAN:  Yes, your Honor.  There are three --

15   there are two or three different versions of their name

16   that are part of the interpleader action.

17       THE COURT:  Yes.

18       MR. OHLMAN:  Your Honor, we will be bringing

19   that --

20       THE COURT:  The question --

21           Yes, go ahead.

22       MR. OHLMAN:  We will be bringing the motion to

23   hold funds in escrow with the Clerk of the Bankruptcy

24   Court --

25       THE COURT:  Well, follow the interpleader

1    procedure --

2          MR. OHLMAN:  That's correct.

3          THE COURT:  -- and we'll see what happens.

4          MR. OHLMAN:  Okay.

5          THE COURT:  Counsel, I think -- I would think

6    that counsel for the creditors ought to appreciate the

7    fact that life in foreclosureland is very complex and

8    people shift around mortgages like hot potatoes and it

9    does get very complex sometimes.

10             Now one of the possibilities here is that

11   this should be sorted out in the state court, truly.

12   The state court has taken jurisdiction and entered a

13   judgment.  The judgment says that X is entitled to

14   foreclose.  The letter could be read to say that X

15   can't be entitled to foreclose, you need Wells Fargo in

16   it.  X is not the same name as Y, who had filed a

17   motion for modification of stay.

18             You don't have to blame anybody to say that

19   this can be very confusing.

20             Now, apart from everything else, counsel,

21   you have teed up at least the possibility of offering

22   to pay delinquent mortgage payments into an

23   interpleader fund --

24         MR. OHLMAN:  Correct.

25         THE COURT:  -- to be held by the clerk.

1          MR. OHLMAN:  We brought the funds with us, your

2    Honor.

3          THE COURT:  And he said the last time that he has

4    the money available.

5          MR. OHLMAN:  We have it with us.

6          THE COURT:  Another problem I mentioned, the

7    taxes, if someone doesn't pay the taxes, whoever is the

8    rightful party to proceed might view that as a

9    diminishment of their equity and impairment to justify

10   all by itself a modification of the stay.

11          Just because property is dealt with in a

12   plan that's been confirmed doesn't mean that the owner

13   of a mortgage can't seek to modify the stay.  It means

14   only that you're supposed to carry out the plan.  And

15   failure to carry out the plan might be a good reason to

16   modify the stay.

17          In this particular case, the first mortgage

18   is dealt with in a plan that says we won't pay until we

19   can figure out if you own a mortgage or something like

20   that.

21          So ordinarily under -- under Vitreous Steel,

22   a Seventh Circuit case, the creditor moving only has to

23   show that they have the colorable claim.

24          As I have commented earlier, merely holding

25   the note would probably demonstrate a colorable claim

1     in the ordinary situation.  Particularly if a party is

2     behind in their mortgage payments, even in a

3     Chapter 11.

4                    It seems to me this is not quite the

5     ordinary situation, so I would like some effort by the

6     moving creditor to work with the debtor's lawyer to try

7     to effectuate perhaps in the interpleader action some

8     order which would protect everybody.

9                    Ordinarily I would say that I should allow

10    -- I would tell counsel to go into the state court and

11    file the interpleader, but because the plan has been

12    confirmed here and I have a responsibility under the

13    plan both to enforce it and to interpret it, I'm really

14    not sure that the ordinary procedure of sending you off

15    to state court to file anything that you want to to get

16    things disposed of is the right way to proceed.

17                    So it seems to me since the interpleader --

18    you have presumably served summonses on all the named

19    parties?

20         MR. OHLMAN:  They are out, yes, your Honor.

21         THE COURT:  And presumably you would be ready for

22    the parties you don't think to be the owners of the

23    mortgage, you would move to default them or something

24    like that?

25         MR. OHLMAN:  Yes, your Honor.

1          THE COURT:  But it seems to me also that there is

2     possible confusion and fighting that would come with

3     the party who is in court seeking to pursue the

4     mortgage.  I'd like to see whether the parties can find

5     some way of clarifying the situation in the

6     interpleader.

7               I'm going to order the stay to stay in

8     effect until further order of the Court because, as I

9     said, we have a plan that's been confirmed, I have

10    responsibility for that, and this is not the usual

11    situation where the colorable claim might be enough to

12    deal with the rights of the party who seeks to modify

13    the stay.

14               If I modify the stay now based on the usual

15    standards, the parties would have to be arguing before

16    the state court the meaning of the plan, and I think

17    all of that should be done here.

18               So, of course, in the event that counsel can

19    -- that the debtor cannot bring the mortgage up to date

20    by a deposit, cannot take care of the forthcoming tax

21    installment, I may yet be in a position where it is

22    necessary to modify the stay.  In other words, if he

23    does not maintain the status quo in bankruptcy, at

24    least I may feel that based on what I have designated

25    as unrefuted facts, there would be grounds and

1    necessity to modify the stay.

2         MR. OHLMAN:  Your Honor, if I may.  I had spoken

3    -- like I had put in the previous motion in the other

4    adversary case to escrow funds, I've been in contact

5    with the finance department for the --

6         THE COURT:  With who?

7         MR. OHLMAN:  The finance department with the

8    Clerk of the Bankruptcy court.  And they will hold the

9    funds for us in an account, in an interest bearing

10   account.

11        THE COURT:  An interest bearing account?

12        MR. OHLMAN:  That is correct.

13        THE COURT:  I didn't know that.

14        MR. OHLMAN:  Yes, an interest bearing account.

15        THE COURT:  Are you sure they don't charge you a

16   little interest for holding the money?

17        MR. OHLMAN:  Maybe they keep the interest, I

18   don't know.  I don't know how they do it.  But they are

19   going to be holding it in --

20        THE COURT:  Our great government is going to

21   deposit money at interest for you guys without charging

22   you anything?

23        MR. OHLMAN:  I did not ask how much they are

24   charging.  But they have agreed to do that.  We need an

25   order of Court to --

1          THE COURT:  Yes, I know.  We'll get there upon

2     your motion --

3          MR. OHLMAN:  I will bring that motion.

4          THE COURT:  -- certified funds in a lump, I

5     assume, to try to bring the mortgage current.

6               Okay, that's where we are.

7               Now, Madam Court Reporter, have you taken

8     this down?

9          THE COURT REPORTER:  Yes.

10         THE COURT:  From the time that I've called the

11    case, I want you to write it up so that we can have a

12    record of my provisional views on what the issues are

13    taken care of today, or at least are teed up for

14    further activity.

15         MR. OHLMAN:  Your Honor, there's only one further

16    issue.  Because I don't have dispute over the amount

17    owed, the last time we were in court --

18         THE COURT:  We're not going to touch that today.

19    Talk to counsel for the creditor who is in the court --

20         MR. OHLMAN:  We disagree.

21         THE COURT:  Well, then if there is a dispute,

22    we'll work that out in the adversary.  He's not here.

23    I just sought to make what progress I can without that

24    lawyer present.

25         MS. PARIKH:  Yes, your Honor.

1      THE COURT:  I'm ordering the transcript.  You may

2   want to read it.

3           Now, what date shall we set?  We're setting

4   it for a status on the day --

5      MR. OHLMAN:  April 8th?

6      THE COURT:  We're going to set this for --

7           Did you say --

8      MR. OHLMAN:  April the 8th, your Honor.

9      THE COURT:  April 8th, is that the day?

10     MR. OHLMAN:  Correct.

11     THE COURT:  4/8/2014, at 11:00 o'clock on that

12  adversary.  Also --

13     MS. PARIKH:  Your Honor, I'm sorry, the

14  interpleader is actually scheduled for 4/8, at 10:30.

15  So --

16     THE COURT:  Well, it kicks up to 11:00 o'clock.

17     MS. PARIKH:  Okay.

18     THE COURT:  We can do that.  We have a little

19  authority around here.  I just want a little more time.

20          And on the motion to modify stay, "For

21  reasons stated," we're going to add, "the stay will

22  remain in effect until further order of Court."  Okay.

23          Now on the plan that you got confirmed --

24     MR. OHLMAN:  Yes, sir.

25     THE COURT:  -- do you have to make any payments

```
 1    to anybody?  Yes?

 2          MR. OHLMAN:  We'll be making payments.

 3          THE COURT:  Yes, you do.  What?

 4          MR. OHLMAN:  Yes.  Oh, on the status of the plan

 5    on the other creditors?  We filed --

 6          THE COURT:  Did you file a report?

 7          MR. OHLMAN:  We did file a report after the last

 8    quarter, and we will be filing -- we can file another

 9    report before the April 8th date as well.

10          THE COURT:  I'm going to set this for a status on

11    April 8th.  You have not moved for a final decree?

12          MR. OHLMAN:  We will be moving for a final

13    decree.  We --

14          THE COURT:  I will set this for April 8th,

15    11:00 A.M.  I want a motion for final decree if you

16    want one.

17          MR. OHLMAN:  Yes, we do.

18          THE COURT:  And a report?

19          MR. OHLMAN:  Your Honor, if I may.  Can we -- I

20    will most likely bring a motion for final decree in

21    March so we don't have to pay the trustee fees for the

22    third quarter.

23                But I can do that on my -- if we set a

24    status on the 8th, I can bring --

25          THE COURT:  I'm not sure we should enter a final
```

1    decree.

2          MR. OHLMAN:  Okay, I understand that, but --

3          THE COURT:  For reasons that I just got through

4    elaborating on.  April 8th, at 11:00 o'clock.

5          MS. PARIKH:  Thank you, your Honor.

6          MR. OHLMAN:  Thank you.

7                   (Which were all the proceedings had

8                    in the above-entitled cause,

9                    February 25th, 2014.)

10

11

12   I, CAROL RABER, C.S.R., DO HEREBY CERTIFY
     THE FOREGOING IS A TRUE AND ACCURATE
13   TRANSCRIPT OF PROCEEDINGS HAD IN THE
     ABOVE-ENTITLED CAUSE.
14

15

16

17

18

19

20

21

22

23

24

25